### JOHANSON v. SONDHEIM et al.

#### (Third Division. Fairbanks. September 9, 1905.)

#### No. 229.

1. SHIPPING—CARRIAGE OF GOODS—CONTRACTS—BREACH.

Plaintiff made an oral contract with defendants to ship his sawmill and laborers on the steamer Monarch from Eagle to Fairbanks. When the Monarch reached Eagle she was loaded, and refused to take them. Defendants telegraphed to the Oil City, another steamer, and she took them, but was delayed on the way. Plaintiff paid the Oil City the usual rates for both freight and passengers and defendants nothing. *Held*, that the contract with defendants for the services of the Monarch was abandoned, and that there was no consideration to support plaintiff's claim for damages against defendants caused by the delay of the Oil City.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Shipping, §§ 408, 410.]

2. NEW TRIAL—REFUSAL—GROUNDS—INSUFFICIENCY OF COMPLAINT—PLEADINGS.

Even if the action of the court in directing a verdict for defendants was error, it would not justify the court in granting a new trial where the complaint did not state facts sufficient to constitute a cause of action, and no application to amend is made.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. New Trial, § 320.]

Pratt & Johanson, for plaintiff.

Heilig & Tozier, for defendants.

WICKERSHAM, District Judge. The damages sued for flow from the alleged breach of two oral contracts; the first one being between plaintiff and defendants, as common carriers, to convey plaintiff's freight and passengers on the steamer Monarch, and the second to convey them on the steamer Oil City. On careful examination of the complaint, it appears that the only consideration paid, or agreed to be paid, by the plaintiff is admitted to have been paid by him to the Oil City,

and none is shown to have been paid to or received by the defendants, and none is tendered or alleged to be due to them. Under the second or substituted contract plaintiff agreed to and did actually pay the whole consideration to the Oil City, not as the agent of defendants, but for the services of that boat in conveying the freight and passengers contracted for. It is my judgment that a fair construction of this complaint shows an abandonment of the first contract, and that the second and substituted contract was between the plaintiff and the Oil City; that the promise of the defendants was purely voluntary and without consideration, and will not support plaintiff's suit for damages.

No application to amend was made, and no amendment could be made which would state a cause of action against the defendants. Even if the action of the court in directing a verdict for defendants was error, it would not justify the court in granting a new trial upon the facts admitted by the complaint. Motion for a new trial denied.